UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

e-IMAGE DATA CORPORATION,

    Plaintiff,

    v.      Case No. 10-C-0764

EVIS R. BEATON,
DOCUMENT IMAGING SUPPLY CO.,
MICROFILMSHOP.COM INC,

    Defendants.

ORDER DENYING MICROFILMSHOP.COM, INC.'S MOTION FOR
RECONSIDERATION AND VACATION OF DEFAULT JUDGMENT (DOC. # 34) AND
GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO QUASH
SUBPOENA DUCES TECUM AND OBJECTION TO SUBPOENA (DOC. # 36)

On September 2, 2010, e-Image Data Corporation brought this action against Evis R. Beaton, Document Imaging Supply Co. and Microfilmshop.com alleging trademark infringement, false advertising and several state law claims. Beaton's motion to dismiss was filed on October 15, 2010. An amended complaint adding "Inc." to Microfilmshop.com's name was filed on November 17, 2010, apparently to cure a defect in the naming of that defendant. Although e-Image expressly did not waive its claim that proper service was not effectuated on Microfilmshop.com, Inc. earlier, it served the amended complaint on Beaton, an officer of the corporation, on December 14, 2010, during his deposition in Delavan, Wisconsin. Thus, Microfilmshop.com, Inc. had twenty-one days from service on Beaton – until January 7, 2011[1] – to answer the complaint, *see* Fed. R. Civ. P. 12(a)(1)(A), but failed to do so.

---

[1] This includes the three days added pursuant to Fed. R. Civ. P. 6(d).

On January 11, 2011, e-Image moved for default judgment against Microfilmshop.com, Inc. and the clerk of court entered default the next day. Microfilmshop.com, Inc. filed a motion on January 25, 2011, seeking an extension of time to oppose the motion for default judgment. The next day, January 26, 2011, this court held a status conference on and scheduled a hearing on the motion for an extension of time. Following that hearing, this court denied Microfilmshop.com, Inc.'s request for additional time, entered an order granting e-Image's motion for default judgment and scheduled an evidentiary hearing regarding damages for June 2, 2011.

On February 10, 2011, Microfilmshop.com, Inc. filed the pending motion for reconsideration and vacation of default judgment. Along with the motion, it submitted Beaton's supporting affidavit and six e-mail attachments as exhibits to the affidavit. Of the six e-mails, four were communication between Beaton and his former attorney, Attorney Darryl J. Lee. The following day, e-Image issued a subpoena to Thorpe & Christian, S.C., Attorney Lee's law firm, requesting the following:

> 1) all documents received from and sent to Beaton from August 1, 2010, to the present regarding service of process in the instant case;
> 2) all documents received from and sent to Beaton from August 1, 2010, to the present regarding the scope of discovery in the instant lawsuit;
> 3) all documents received from and sent to Beaton from August 1, 2010, to the present regarding the scope of deposition testimony in the instant action;
> 4) all documents received from and sent to Beaton from August 1, 2010, to the present regarding the scope of Thorpe & Christian, S.C.'s representation of any defendant for purposes of the instant lawsuit;
> 5) all documents received from and sent to Beaton from August 1, 2010, to the present regarding Microfilmshop.com, Inc.; and

> 6) all documents received from and sent to Beaton from August 1, 2010, to the present.

*See* Mot. to Quash Subpoena Duces Tecum and Objection to Subpoena, Ex. A. On February 21, 2011, Beaton and Document Imaging Supply Co. filed the pending motion to quash e-Image's subpoena.

## MOTION TO VACATE ORDER FOR DEFAULT JUDGMENT

Microfilmshop.com, Inc.'s motion cites to Fed. R. Civ. P. 60(b) apparently believing that a final judgment had been entered, however, the court will consider the matter under Fed. R. Civ. P. 55(c).[2] Rule 55(c) allows a court to set aside a default for good cause. The Seventh Circuit has stated that "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (citing *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994).[3]

It is not uncommon for litigants to conflate "good cause" in Rule 55(c) with "good cause for default" in the aforementioned test; however, the meaning of "good cause" in each context is distinct. *Sims v. EGA Products, Inc.*, 475 F.3d 865 (7th Cir. 2007), confirms the distinct meanings of "good cause for setting aside default" and "good cause

---

[2] Technically the test is the same under either rule, however, it is applied much more stringently when a judgment has actually been entered. *See Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *Cracco v. Virtran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). In the instant case, because the court has granted e-Image's motion for default judgment, but not entered judgment against Microfilmshop.com, Inc., it applies the more liberal Rule 55(c) test.

[3] Although Microfilmshop.com, Inc.'s motion spends a page discussing the good cause test adopted by the Second and Ninth Circuits, this court uses the test set forth by the Seventh Circuit in which it sits.

for default." *Id.* at 868. According to *Sims*, "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error . . . ." *Id.*

Inasmuch as defaults are sanctions, the *Sims* court noted that "[d]amages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case." *Sims*, 475 F.3d at 868. "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[4]

### Good Cause

In applying these considerations to the case at bar, this court is mindful that Microfilmshop.com, Inc. asserts three bases for satisfaction of the first prong of the test, all relating to Beaton's prior counsel, Attorney Darryl J. Lee. First, Microfilmshop.com, Inc. contends that confusion regarding its representation provides good cause for failing to answer the amended complaint. *See* Microfilmshop.com, Inc.'s Mot. for Reconsideration and Vacation of Default Judgment at 7. Second, it maintains that Attorney Lee's withdrawal as Beaton's counsel at the end of December and its inability to find legal representation until the response date had passed provides good cause to vacate the default. *See id.* at 8. Third, Microfilmshop.com, Inc. asserts that Attorney Lee's withdrawal as Beaton's counsel without annulling prior advice that Microfilmshop.com, Inc. did not

---

[4]*Pioneer* was a Chapter 11 case in which creditors asked the bankruptcy court to authorize them to file late proofs of claim under Fed. R. Bankr. P. 9006, asserting excusable neglect. The Supreme Court found that "excusable neglect" encompassed instances where parties do not meet deadlines as a consequence of negligence. *Id.* at 394.

need to file an answer combined with Microfilmshop.com, Inc.'s inability to hire an attorney until the deadline for pleading expired provides further grounds for relief. *See id.* at 9.

As an initial matter, the court reiterates that Microfilmshop.com, Inc. must demonstrate *good cause for this court to vacate its order granting the default judgment*, not good cause for its failure to answer the amended complaint. The first assertion that the legal representation of all of the named defendants has been confused from the beginning does not pass that test. Beaton and his former counsel, Attorney Lee, indicated during Beaton's depositions that Microfilmshop.com, Inc. was not represented by counsel. *See* 12/3/10 Beaton Dep., 6:8-10 (Wilbert Decl., Ex. A); 12/14/10 Beaton Dep., 83:17-23 (Wilbert Decl., Ex. B). Consequently, Microfilmshop.com, Inc. has not proffered a credible claim of confusion as to whether it had legal counsel to advise it, even deficiently, regarding its obligation to respond to the complaint.

Next, Microfilmshop.com, Inc.'s contention that its failure to retain counsel establishes good cause for its failure to answer the amended complaint also falls flat. As mentioned above, Beaton was well aware that Microfilmshop.com, Inc. was unrepresented when he received the amended complaint at the December 14, 2010, deposition. Indeed, he cited improper service of the complaint while refusing to answer e-Image's questions relating to Microfilmshop.com, Inc. Moreover, Beaton asserts that at the close of the December 14, 2010, deposition, Attorney Lee informed Beaton of his intent to withdraw. *See* Beaton Aff., ¶ 10. Although Beaton indicates that he did not receive confirmation of Lee's intent to withdraw until December 28, 2010, he was given notice two weeks earlier and did not act immediately to retain new counsel for himself or counsel for

Microfilmshop.com, Inc.[5] *See* Beaton Aff., ¶ 11. Moreover, at the time service of the amended complaint was accomplished, counsel for e-Image advised Beaton of Microfilmshop.com, Inc.'s obligation to answer, that e-Image would be seeking default if no answer was received, and encouraged Beaton to seek counsel for Microfilmshop.com, Inc. *See* 12/14/10 Beaton Dep., 86:17-88:11. Thus, the court finds that Beaton's refusal to retain counsel on behalf of Microfilmshop.com, Inc. is willful neglect of Microfilmshop.com, Inc.'s obligation to file a timely pleading.

Microfilmshop.com, Inc.'s contention that Attorney Lee had an obligation to Microfilmshop.com, Inc. and, therefore, "breach[ed his] duty [by filing] a motion to withdraw only five days before a responsive pleading was due and abandon[ed his] client to his own resources before the Court had even acted on the motion to withdraw," is unpersuasive. Microfilmshop.com, Inc.'s Mot. for Reconsideration and Vacation of Default Judgment at 9. It has already been demonstrated that Beaton knew that Attorney Lee did not represent Microfilmshop.com, Inc. As such, Attorney Lee had no obligation to Microfilmshop.com, Inc. and did not abandon his client, Evis R. Beaton. In fact, Attorney Lee's firm filed a motion to dismiss on behalf of Beaton on October 15, 2010, which had not been ruled on when the withdrawal motion was filed.

---

[5] It is important to note, however, that Attorney Lee's withdrawal as counsel for Beaton does not establish good cause for Microfilmshop.com, Inc.'s because he was never counsel for Microfilmshop.com, Inc. The company, through its president Beaton, willfully refused to retain counsel until well past the time for response had passed.

## Quick Action & Meritorious Defense[6]

Next, the court considers whether Microfilmshop.com, Inc. took quick action to correct its default. While e-Image acknowledges that this prong's emphasis is on the time that elapsed between that entry of the judgment and the motion to vacate, its argument in opposition to vacating the default judgment focuses on the time that elapsed between the Clerk's entry of default and the pending motion. Microfilmshop.com, Inc. acted to vacate the default judgment just nine days after the court's order granting e-Image's motion for default judgment, and thereby constitutes quick action.

Finally, the court considers whether Microfilmshop.com, Inc. has set forth a meritorious defense to the action. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). Microfilmshop.com, Inc. has sufficiently developed a legal and factual basis to support valid inquiries regarding whether its use of ScanPro trademark amount to fair use and whether it engaged in false advertising and bait and switch tactics. However, as stated above, it has otherwise failed to establish good cause for granting its motion. Thus, despite meeting the requirements of the second and third prongs of the test, it has failed to satisfy the first prong of the test.

---

[6] Although the court does not need to go any further with its analysis, for the sake of completion, the final two prongs will be addressed.

**MOTION TO QUASH SUBPOENA**

Beaton and Document Imaging Supply Co.'s motion to quash the plaintiff's subpoena asserts claims of attorney-client privilege respecting production of e-mails between Attorney Lee and Beaton. The defendants also contend that the subpoena is overbroad and unduly burdensome. They ask the court to find that two e-mails sent by Attorney Lee to Beaton and attached to Beaton's affidavit are privileged. Moreover, they request that the court quash the subpoena and award them costs and attorney's fees incurred in pursuit of the motion.

e-Image maintains that Beaton waived the attorney-client privilege by allowing Microfilmshop.com, Inc. to disclose his communications with his attorney in support of its motion to vacate the default judgement. Further, it contends that the advice of counsel defense asserted here opened the door to all communications between Attorney Lee and Beaton relating to the same subject matter to enable e-Image and the court to test the advice of counsel claims.

"[T]he party seeking to establish the privilege bears the burden of demonstrating that all of the requirements for invoking the . . . privilege have been met." *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000). Because a privilege is "in derogation of the search for the truth, the privilege must not be lightly created nor expansively construed." *In Re Walsh*, 623 F.2d 489, 493 (7th CIr, 1980) (citing *United States v. Nixon*, 410 U.S. 1, 9-10 [1973]). However, the attorney-client "privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation." *Musa-Muaremi v. Florists' Transworld Delivery, Inc.*, 270 F.R.D.

312, 318 (N.D.Ill. May 13, 2010) (citing *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n. 1 (7th Cir.1995)).

In the case at bar, by setting forth advise of counsel arguments supporting Microfilmshop.com, Inc.'s motion to vacate the order granting default judgment and attaching e-mail communication from Attorney Lee to Beaton, the defendants have waived attorney-client privilege related to communications with Attorney Lee touching on this claim and the two e-mails. However, the subpoena at issue goes further. The requests for all documents received from and sent to Beaton from August 1, 2010, to the present regarding Microfilmshop.com, Inc. and all documents received from and sent to Beaton from August 1, 2010, to the present ask for information beyond the waiver resulting from the disclosure of the two e-mails and Beaton's affidavit supporting the motion to vacate. Therefore,

IT IS ORDERED that Microfilmshop.com, Inc.'s motion for reconsideration and vacation of default judgment is denied.

IT IS FURTHER ORDERED that the defendants' motion to quash subpoena duces tecum and objection to subpoena is granted in part and denied in part. Requests 9-12 are stricken, however, Thorpe & Christian, S.C. shall comply with all remaining requests for documents contained in the subpoena.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE